CHIN NEE DEU, as father and next friend of Chin Ai Sun and Chin Ai Sun, Plaintiffs,

v.

John Foster DULLES, as Secretary of State of the United States of America, Defendant.

United States District Court
S. D. New York.

Nov. 28, 1955.

Samuel B. Waterman, New York City, for plaintiffs.

Lloyd F. MacMahon, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

In an action by Chin Nee Deu, as father and next friend of Chin Ai Sun, a minor, and Chin Ai Sun against the Secretary of State under Section 503 of the Nationality Act of 1940 [now Immigration and Nationality Act, § 360, 8 U.S. C.A. § 1503], for a declaratory judgment that Chin Ai Sun is a citizen of the United States, defendant moves for an order, (1) requiring that the said plaintiffs and Mar Tuey King, the alleged wife of Chin Nee Deu and mother of Chin Ai Sun, each submit to a blood test to determine whether paternity exists between the infant plaintiff and his alleged parents pursuant to F.R.Civ.P. 1, 28 U.S.C.A., and 35(a) and § 306–a of the New York Civil Practice Act and local Civil Rule 13; (2) granting defendant leave to take the oral examinations of plaintiffs pursuant to F.R.Civ.P. 26, and (3) directing plaintiffs to "bring with them all books, documents and papers concerning their relationship and such other documents or papers which will be used as evidence at the trial to prove such relationship" pursuant to F.R.Civ.P. 34.

The power of the court to order the infant plaintiff Chin Ai Sun to submit to the blood test is clear.[1] Regardless of the gratuitous inclusion in the title of the complaint of the father Chin Nee Deu "as father and next friend of Chin Ai Sun" as a plaintiff, neither he nor the mother Mar Tuey King is a party within the meaning of F.R.Civ.P. 35(a)[2] subject to physical examination under that rule or Rule 13 of the Civil Rules of this court and § 306–a of the New York Civil Practice Act.[3]

In view of the prayer in the moving papers that the blood tests sought are "to determine whether the claimed paternity exists between the plaintiff Chin Ai Sun, and his alleged parents", there appears to be no purpose in ordering even the blood test of the said Chin Ai Sun in the absence of comparative tests of the alleged parents. Hence the first branch of the motion is denied.

The second branch of the motion is denied as unnecessary.[4]

The third branch of the motion is denied. No affidavit showing good cause for the production of the sought after books, documents and papers accompanies the defendant's notice of motion.[5]

It is so ordered.

1. F.R.Civ.P. 35(a); 4 Moore's Fed.Prac., 2d Ed., para. 35.04.

2. Fong Sik Leung v. Dulles, 9 Cir., 226 F.2d 74, concurring opinion of Boldt, D. J.

3. Yee Szet Foo v. Dulles, D.C.S.D.N.Y., 18 F.R.D. 237.

4. 4 Moore's Fed.Prac., 2d Ed., para. 26.09 [1], footnote 1.

5. 4 Moore's Fed.Prac., 2d Ed., para. 34.07.